Cherrington, J.
The action below was brought by Mary P. Deschler against Dr. G. S. Franklin as Executor of the last will of Lewis W. Foulke, deceased, to recover damages for an injury claimed to have been received by said plaintiff while riding as a passenger in an elevator in an offiee building known as the Foulke block in Gbillicothe. The petition alleges the death of said testator, the appointment and qualification of the defendant aa executor, and charges among other things that the defendant, as such executor, was managing the building known as the Foulke block in Chillioothe, Ohio, and was running and operating a passenger elevator in said building for the purpose of carrying passengers from one floor to another, ail in the interest and for the benefit of said estate.
Plaintiff further alleges that on April 18, 1897, she was admitted-as a passenger in said elevator by the defendant executor’s servant, to be carried from the third floor of said building to the first, and while in the act of leaving said elevator, after it had reached the first floor, was dangerously and seriously injured by the carelessness and gross negligenoe of the operator.
A general demurrer was filed to this petition and was overruled by the oourt below, and defendant excepted.
Thereupon issue was made between the parties, trial was had, and plaintiff recovered judgment for $1741.00 and costs.
Error is prosecuted to this oourt upon numerous grounds, among others, the overruling of the defendant’s demurrer.
The question to be determined is whether or not the estate of a deceased person oan be made to respond in damages for the torts of the exeoutor.
We have examined the authorities at great length upon *57 this question, and can not find any decision which will warrant us in answering this question in the affirmative.
W. Allen, R. A. Harrison, and John P. Phillips, for Plaintiff in Error.
W. Edgar Evans, Attorney for the Defendant in Error.
In the cáse of Westfall v. Dungan, 14 Ohio St., 276, the supreme court of this state held that an estate was not liable for the false or fraudulent representations of the executor.
The theory of the law has always been that the property of an estate shall be held intact for the benefit of the creditors and beneficiaries, and that the representative can not create any new or additional liabilities against the estate. If any cause of action arises through his negligence in managing the estate, it must be against him personally, and not against him in his representative capacity.
We find therefore that the lower court erred in overruling the demurrer to tbo petition, and for that reason the judgment is reversed.